UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL HENRI STEINMEYER,<br><br>       Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation; GEORGE MAHA, an individual; Hon. GARY BUBIS, as Judge of Superior Court of San Diego; ROB BONTA, as Attorney General of California,<br><br>       Defendants. | Case No.: 22-cv-01213 DMS (DDL)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

   This matter comes before the Court on Plaintiff's ex parte application for temporary restraining order ("TRO") against Defendants Laboratory Corporation of America Holdings ("Labcorp") and George Maha. (ECF No. 37.) For the following reasons, Plaintiff's application for TRO or a preliminary injunction is **DENIED**.

### I. BACKGROUND

   In 2017, Plaintiff was deemed the biological father of a minor child in an action in San Diego Superior Court. (First Amended Compl. ("FAC") ¶ 71, ECF No. 4). In March 2017, Defendant Labcorp administered a "motherless 2 person test[]" pursuant to a state court order, which Plaintiff alleges violated the requirements of the California Family

1

Code. (FAC ¶¶ 53, 141.) Plaintiff further alleges that Defendants Labcorp and Maha lied to Plaintiff about the validity of the paternity test they administered, (FAC ¶ 74), and Defendant Maha "caused or otherwise induced a judge . . . to hide the material DNA and therefore the paternity evidence." (FAC ¶ 185.) The paternity test showed that Plaintiff was the father of the child. (FAC ¶ 71). Accordingly, San Diego Superior Court issued several Income Withholding Orders against Plaintiff for child support between 2018 and 2022. (*See* Def. Bubis Mot. to Dismiss, Ex. D, ECF No. 8-2.)

Plaintiff filed this action on August 18, 2022 (ECF No. 1) and filed the FAC on November 8, 2022. (*See generally* FAC.) Plaintiff brought various state law causes of actions against Defendants Labcorp and Maha, including alleged violations of California Family Code § 7552.5(a). (FAC ¶¶ 238–43; Pl.'s Mem. in Supp. of Ex Parte Appl. for TRO ("Pl.'s Mem.") at 12–13, ECF No. 37-1.) Plaintiff alleges that Defendants Labcorp and Maha have concealed some portion of the paternity test or generated fictitious test results. (FAC ¶¶ 196, 203, 205–08.) Plaintiff also brought claims under 42 U.S.C. § 1983 against Defendants Attorney General Bonta and Judge Bubis. (FAC ¶¶ 279–86.) Defendants Labcorp, Maha, Bubis, and Bonta have filed motions to dismiss. (*See* ECF Nos. 6, 8, 9, 36.) On February 10, 2023, plaintiff filed an ex parte application for TRO against Defendant Bonta. (ECF No. 28.) This Court denied the application for lack of jurisdiction. (ECF No. 27.) On March 1, 2023, the Court ordered Plaintiff to show cause why his claim against Defendant Bonta should not be dismissed for lack of subject matter jurisdiction. (ECF No. 34.) On March 2, 2023, plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 35.)

In this ex parte application for a TRO, plaintiff argues that the California Family Code requires that "a copy of the results of all genetic tests performed . . . shall be served upon all parties." (Pl's Mem. in Supp. of Ex Parte Appl. for TRO ("Pl.'s Mem.") at 12–13, ECF No. 37-1, quoting Cal. Fam. Code § 7552.5(a).) Alleging that Defendants Labcorp and Maha have concealed some portions of the paternity test they administered and

analyzed in 2017, Plaintiff asks the Court to issue a TRO to "forc[e]" Defendants to disclose "all results, not a subset." (Pl's Mem. at 16 n.8, ECF 37-1.)

## II. LEGAL STANDARD

A party seeking preliminary injunctive relief under Federal Rule of Civil Procedure 65 must show (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The standard governing the issuance of a TRO and a preliminary injunction are "substantially identical," *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), except that a court may only issue a TRO "without written or oral notice to the adverse party or its attorney" when (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Irreparable harm is a necessary element. *Id.* ("[P]laintiffs seeking preliminary relief" must "demonstrate that irreparable injury is likely in the absence of an injunction.") Although the Ninth Circuit evaluates the likelihood of success and the balance of equities on a "sliding scale," a federal court may not grant a TRO or preliminary injunction unless plaintiff shows he is likely to suffer irreparable harm. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## III. DISCUSSION

"Plaintiffs must establish that irreparable harm is *likely,* not just possible, in order to obtain a preliminary injunction." *Id.* at 1131. Plaintiff first alleges that he will suffer "monetary" irreparable harm if the TRO is not issued because Defendant "Bonta takes bi-

monthly from Plaintiff" and "Bonta cannot be sued for damages . . . due to the realities of absolute immunity." (Pl's Mem. at 18–19, ECF 37-1.)  Ordinarily, however, monetary harm is not irreparable because money damages usually provide adequate compensation for monetary harm. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). Although Plaintiff argues that this monetary injury is "continuing" (Pl's Mem. at 19), he fails to show that extraordinary circumstances are present here requiring injunctive relief. *See, e.g.*, *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188–89 (9th Cir. 2022) (monetary damages threatening the survival of plaintiff's business); *McGirr v. Rehme*, 891 F.3d 603 (6th Cir. 2018) ("substantial chance" that defendant will become insolvent before a judgment can be collected).

Further, it is unclear how the relief Plaintiff seeks is traceable to the defendants against whom Plaintiff brings this action.  Plaintiff explains that Defendant Bonta is causing his monetary injury, yet he seeks a TRO against Defendants Labcorp and Maha. The injunctive remedy Plaintiff seeks is an "Order forcing Defendants" to disclose "all results, not a subset." (Pl's Mem. at 16 n.8, ECF 37-1.)  Plaintiff does not explain why he is "likely to suffer irreparable harm in the absence" of such an order. *Winter*, 555 U.S. at 20.  It is not clear to the Court what connection there is between the remedy sought and the harm alleged.

Plaintiff further argues that he will suffer "legal" irreparable harm if the TRO is not issued. (Pl.'s Mem. at 19.)  To the extent that Plaintiff describes the legal irreparable harm as a continual "tak[ing] from Plaintiff with no stopping in sight," the Court interprets this as a repetition of the "monetary" irreparable harm argument rejected above.  Plaintiff explains that Defendant Judge Bubis caused this "legal" irreparable harm, yet he seeks a TRO against Defendants Labcorp and Maha.  It is again unclear to the Court why Plaintiff is "likely to suffer irreparable harm in the absence of," *Winter*, 555 U.S. at 20, the relief he requests.  For example, Plaintiff does not argue that the child support order would immediately cease to operate as soon as Defendants release the alleged true or complete results he claims they are concealing.

Lastly, Plaintiff appears to argue that he will suffer "societal" irreparable harm if the TRO is not issued. (Pl.'s Mem. at 20.) Plaintiff suggests that he will suffer a stigmatic injury caused by the release of the allegedly erroneous paternity results because members of the public are "conditioned to believe conclusions" of paternity test results. But the harm Plaintiff complains of here occurred nearly six years ago when his paternity results were first announced in April 2017. (FAC ¶ 71.) Thus, he has not identified any irreparable harm that he will suffer prospectively if the TRO is not issued. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) ("The purpose of an injunction is to prevent future violations . . . ."). Here, Plaintiff points to *past* injury.

Plaintiff suggests that the TRO he seeks is necessary because Defendants Attorney General Bonta and Judge Bubis are protected by "absolute immunity" and cannot be sued "for damages." (Pl.'s Mem. at 18–19.) However, the remedy for adverse legal judgments is appeal, not a suit for damages against the judge issuing the judgment and executive branch officials implementing it. Plaintiff's remedy, if any, is through the California state appellate courts. *Cf. More v. Child Support Recovery*, 383 F. App'x 574 (8th Cir. 2010); *see also In re Marriage of Brinkman*, 4 Cal. Rptr. 3d 722, 731 (Ct. App. 6th Dist. 2003) (explaining the process by which a party may seek a modification of child support orders due to "changed circumstances" under California law). As this Court has previously explained, Plaintiff may not come to federal court seeking a de facto appeal of state court decisions. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that "state-court losers" may not bring an action in federal court "complaining of injuries caused by state-court judgments" rendered before the federal action is commenced).

## IV.   CONCLUSION

Plaintiff has failed to show irreparable harm. A showing of irreparable harm is required for a federal court to grant injunctive relief. *Cottrell*, 632 F.3d at 1132 (9th Cir. 2011). In the absence of irreparable harm, there is no need to review the balance of the

1  *Winter* factors. Plaintiff's ex parte application for TRO or preliminary injunction is
2  therefore **DENIED**.
3       **IT IS SO ORDERED.**
4  Dated: March 15, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court