**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDALL HENRI STEINMEYER, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation; GEORGE MAHA, an individual; HONORABLE GARY BUBIS, as Judge of Superior Court of San Diego; and ROB BONTA, as Attorney General of California,<br><br>                                    Defendants. | Case No.: 22-cv-01213-DMS<br><br>**ORDER VACATING ORAL ARGUMENT; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

    Plaintiff moves for leave to file an amended complaint after Defendants declined to stipulate to allow Plaintiff to do so. Plaintiff has amended his complaint once before and now seeks to amend a second time. A hearing on Plaintiff's Motion is currently scheduled for Friday April 21, 2023. The Court **VACATES** the hearing scheduled for April 21, 2023, and **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint.

## I.   BACKGROUND

    In 2017, Plaintiff was deemed the biological father of a minor child in an action in San Diego Superior Court before Judge Gary Bubis ("Bubis"). (First Amended Compl.

("FAC") ¶ 71, ECF No. 4). In March 2017, Defendant Laboratory Corporation of America Holdings ("Labcorp") administered a "motherless 2 person test[]" pursuant to a state court order, which Plaintiff alleges violated the requirements of the California Family Code. (FAC ¶¶ 53, 141.) Plaintiff further alleges that Defendants Labcorp and George Maha ("Maha") lied to Plaintiff about the validity of the paternity test they administered, (FAC ¶ 74), and Defendant Maha "caused or otherwise induced a judge . . . to hide the material DNA and therefore the paternity evidence." (FAC ¶ 185.) The paternity test showed that Plaintiff was the father of the child. (FAC ¶ 71). Accordingly, San Diego Superior Court issued several Income Withholding Orders against Plaintiff for child support between 2018 and 2022. (*See* Def. Bubis Mot. to Dismiss, Ex. D, ECF No. 8-2.)

Plaintiff filed this action on August 18, 2022 (ECF No. 1) and filed the FAC on November 8, 2022. (*See generally* FAC.) Plaintiff brought various state law causes of actions against Defendants Labcorp and Maha, including alleged violations of California Family Code § 7552.5(a). (FAC ¶¶ 238–43; Pl.'s Mem. in Supp. of Ex Parte Appl. for TRO ("Pl.'s Mem.") at 12–13, ECF No. 37-1.) Plaintiff alleges that Defendants Labcorp and Maha have concealed some portion of the paternity test or generated fictitious test results. (FAC ¶¶ 196, 203, 205–08.) Plaintiff also brought claims under 42 U.S.C. § 1983 against Defendants Bubis and the Attorney General of California Rob Bonta ("Bonta"). (FAC ¶¶ 279–86.) Defendants Labcorp, Maha, Bubis, and Bonta have filed motions to dismiss. (*See* ECF Nos. 6, 8, 9, 36.) The motions to dismiss are now fully briefed and pending before the Court. Further, the Court sua sponte issued an Order for Plaintiff to Show Cause why his claim against Defendant Bonta should not be dismissed for lack of subject matter jurisdiction. (ECF No. 34.) Plaintiff timely responded. (ECF No. 40.) The matter is now pending resolution of the Court.

On March 2, 2023, Plaintiff filed his Motion for Leave to File a Second Amended Complaint. (ECF No. 35.) Plaintiff filed this motion after three of the four Motions to Dismiss currently pending were already fully briefed and after the Court moved sua sponte to dismiss Plaintiff's claim against Defendant Bonta for lack of jurisdiction.

## II. PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### A. Hearing

Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 35) is now fully briefed. The Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). Accordingly, the hearing is **VACATED**, and Motion is **DENIED** for the reasons explained below.

### B. Legal Standard

A court may decline to grant leave to amend if there is "evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . .'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996)).

### C. Discussion

Defendants have spent considerable time and cost defending against the First Amended Complaint—the current operative complaint. All named defendants have moved to dismiss and their motions are now fully briefed and under submission. It would unduly prejudice all Defendants to allow Plaintiff to file an amended complaint at this stage and would cause Defendants to accrue additional cost to defend against the new complaint. It would also unduly delay the resolution of this matter. Plaintiff has not convincingly explained why he should be able to file an amended complaint at this stage.

Nor does Plaintiff provide a convincing explanation for why granting leave to amend at this stage would *not* unduly prejudice Defendants. Plaintiff states that it would not prejudice Defendants because it was their "active illegal conduct that created the need for

the Amendment." (Pl.'s Mem. at 5, ECF No. 35-4.) But whether Defendants' conduct is illegal is an issue for this Court to resolve and is not responsive to the question of whether Plaintiff's proposed amendment would prejudice Defendants. In his Reply, Plaintiff argues that "there can be no prejudice . . . because the amendment takes place before scheduling order or even formal discovery." (Pl.'s Reply to Defs. Labcorp & Maha's Opp. at 12, ECF No. 49.) But neither discovery nor a scheduling order is necessary for the Court to find that a proposed amendment would unduly prejudice Defendants.

If there are any surviving causes of action or if the Court grants leave to amend after ruling on the Motions to Dismiss currently pending, Plaintiff may file an amended complaint at that time.

### III. HEARING ON DEFENDANT BONTA'S MOTION TO DISMISS AND THE COURT'S SUA SPONTE ORDER TO SHOW CAUSE

Defendant Bonta's Motion to Dismiss and the Court's sua sponte Order to Show Cause with regard to jurisdiction are now fully briefed. A hearing on these matters is currently scheduled for Friday April 21, 2023. The Court finds these matters suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). Accordingly, the hearing is **VACATED**, and the matters are now under submission.

### IV. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** the following:

1. The hearing scheduled for Friday April 21, 2023 is **VACATED** in its entirety.
2. Plaintiff's Motion for Leave to File a Second Amended Complaint is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 17, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court